UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-00253-TWP-MJD |
| | ) |
| WILSON Ms., Sergeant, | ) |
| COBB Mr., Sergeant, | ) |
| HARRIS Mr., Custody Officer, | ) |
| JOHN DOE #1 officer, | ) |
| JOHN DOE #2 officer, | ) |
| RUSSELL Major, | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Before the Court is Plaintiff Raymond Strominger's ("Strominger") Amended Complaint which is subject to screening pursuant to 28 U.S.C. § 1915A(b). Strominger uses a wheelchair and is currently incarcerated at the Pendleton Correctional Facility. He has sued the Indiana Department of Corrections ("DOC") and seven employees claiming violations of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213, and the Eighth Amendment. For the reasons explained below, certain claims are dismissed while other claims shall proceed.

**I. Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules

of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). *Pro se* complaints such as that filed by Strominger, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.  Amended Complaint

The Amended Complaint alleges that on May 26, 2015, Strominger was transported in a non-wheelchair accessible van. He told the defendants that the use of a non-wheelchair accessible van was inappropriate. Strominger's need to be transported in a wheelchair accessible van was well documented. When he was unable to get himself into the van, Sgt. Wilson ordered Sgt. Cobb, Officer Harris, and two John Doe officers to put Strominger into the van. When he complained and asked to speak with a supervisor, Sgt. Wilson stated that she was following Major Russell's instructions.

While getting Strominger into the van, Sgt. Cobb, Officer Harris, and the two unnamed officers allegedly used excessive force causing extreme pain in Strominger's wrists, shoulders, and chest. Strominger alleges that not providing him transportation in a wheelchair accessible van violated his right to reasonable accommodations under the ADA and RA. He also alleges that the

individual officers subjected him to excessive use of physical force in violation of his Eighth Amendment rights.

### III. Discussion of Claims

Applying the standard set forth above to the allegations in the Amended Complaint certain claims must be dismissed while other claims shall proceed as submitted.

#### A.     Official Capacity Claims

The claims against the individual defendants in their official capacities are **dismissed.** A claim against the individual defendants in their official capacities is really a claim against the DOC. *See Jaros*, 684 F.3d at fn.2. And the DOC is already a defendant in this action.

#### B.     Statutory Claims

The **statutory claims against the individual defendants are dismissed.** To the extent the individual defendants are named in the ADA and Rehabilitation Act claims those claims are dismissed. Employees of the DOC are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA and Rehabilitation Act claims against the individual defendants in their individual capacities are dismissed.

The **ADA claims are dismissed.** The relief provided by the ADA and Rehabilitation Act is coextensive and a plaintiff suing under both statutes may have only one recovery. *Jaros*, 684 F.3d at 671 *(citing Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act

claim remained)). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id.* For these reasons the ADA claims (and their associated question of sovereign immunity) are summarily dismissed. *Id.*

### C.  Constitutional Claims

Strominger raises two constitutional claims against the individual defendants pursuant to 42 U.S.C. § 1983. The first inquiry in every § 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992).

Strominger alleges that the individual defendants used excessive force when loading Strominger into a van that was not wheelchair accessible. These allegations implicate the Eighth Amendment. To the extent Strominger makes a due process and equal protection claim asserted pursuant to the Fourteenth Amendment these claims are **dismissed**. Strominger's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

Any constitutional tort claim against the DOC cannot proceed because the department, which is an arm of the State of Indiana, is not a person subject to suit pursuant to 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor

its officials acting in their official capacities are "persons" under § 1983"). *See also Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, (7th Cir. 2005) (affirming the district court's dismissal against DOC because it was not a person subject to suit under § 1983). Thus as a matter of law, Strominger is limited to bringing his Eighth Amendment claims for money damages against the named officers in their individual capacities.

The constitutional torts alleged against Lt. C. Nicholson are **dismissed**. The only allegation against this defendant is that he knew a wheelchair accessible van was needed to transport Strominger and that the accessible van was not provided. But there is no allegation which suggests that Lt. Nicholson was present at the time or even knew that a wheelchair accessible was not being provided. Instead the allegations reflect that defendant Sgt. Wilson was acting under Major Russell's direction. In other words, there is no plausible basis for concluding that these supervisory defendants caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983); *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006). The **clerk is directed** to terminate Lt. Nicholson as a defendant on the docket.

The claims alleged against Officer John Doe # 1 and Officer John Doe # 2 are **dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Strominger is able to learn the name of the unknown defendants, he may seek leave to add a claim against them. The **clerk is directed** to terminate the John Does as defendants on the docket.

### III. Remaining Claims

The claim against the DOC brought under the Rehabilitation Act shall proceed. This claims is based on the theory that the DOC discriminated against him by denying access to a wheelchair accessible van for transportation.

The Eighth Amendment excessive force claim for money damages against the remaining individual defendants (Sgt. Wilson, Sgt. Cobb, Officer Harris and Major Russel) shall proceed.

### IV. Service of Process

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the amended complaint [dkt. 7], applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 6/7/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND STROMINGER
160814
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Sgt. Wilson, Sgt. Cobb, Officer Harris, and Major D. Russell
c/o Lee Hoefling, Executive Assistant
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

Indiana Department of Correction
302 W. Washington St.  Room E334
Indianapolis, IN  46204